Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRYAN M. TRUITT**
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MEGAN PIERCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1304-CR-151 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper
Cause No. 64D05-1101-FB-450

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

MATHIAS, Judge

Megan Pierce ("Pierce") pleaded guilty to one count of Class B felony burglary. She was sentenced to ten years executed in the Department of Correction after being terminated from the Porter County Drug Court Program ("Drug Court"). Pierce appeals and argues that her sentence is inappropriate in light of the nature of the offense and the character of the offender and that the trial court abused its discretion in finding her Drug Court violations to be aggravating factors in sentencing.

We affirm.

**Facts and Procedural History**

On the evening of December 29, 2010, Douglas Masterson ("Masterson") returned to his home to discover that it had been burglarized and that several items, including a firearm, a video camera, and over 100 compact discs, had been stolen. The total value of the stolen property was approximately $2,335.

About two weeks later, on January 14, 2011, a detective with the Porter County Sheriff's Department interviewed Pierce about the burglary. Pierce admitted to the detective that she had burglarized Masterson's home and stolen the firearm, video camera, compact discs, and also some jewelry. She described gaining entry by breaking a window leading into the home's sunroom. She also told the detective that she had pawned several of the items she stole but that she had discarded the firearm. She stated that the reason she burglarized the house was to steal items that she could sell for money to buy heroin, a substance to which she had been addicted for five years, and to buy back some of her own belongings that she had previously pawned.

That same day, January 14, 2011, the State charged Pierce with Class B felony burglary. Four months later, on May 17, 2011, Pierce pleaded guilty pursuant to a written plea agreement which provided, in relevant part:

Defendant is ordered into the Porter County Drug Court. If Defendant does not qualify, parties to argue sentences to the court. If Defendant is accepted but does not complete the Drug Court appropriately and is returned to the court, then sentencing shall be at the discretion of the court.

On June 7, 2011, an officer with the Porter County probation department completed a presentence investigation ("PSI") report, which described Pierce's long-term substance abuse problems, including her alcohol addiction and her addiction to heroin, cocaine, crack cocaine, and prescription medications. The report indicated that Pierce began a methadone program in 2009, but continued to use heroin while on the program and, at one point, was injecting approximately $80 worth of heroin per day. The report also stated that Pierce had decided to break into Masterson's house after she noticed that "there never seemed to be anyone home." Conf. App. pp. 24-25.

The PSI report also detailed Pierce's criminal history, which consisted of one 2003 conviction for reckless driving and a 2003 arrest for illegal consumption of alcohol. The latter resulted in Pierce's participation in a pre-trial diversion program and dismissal of the underlying charge. The PSI report suggested that Pierce would be a good candidate for the Drug Court program.

Pierce was referred to the Porter County Drug Court on June 14, 2011. During her time in the Drug Court program, she maintained employment, enrolled in college at Ivy Tech where she maintained a ninety-six percent test score average, and was not arrested for committing any additional crimes. She also paid in full restitution to Masterson.

However, about four months later, on October 19, 2012, the Porter County Drug Court judge ordered Pierce terminated from the Drug Court program, finding that she had violated several Drug Court rules. The termination order provided, in relevant part:

3

Defendant has been given every opportunity to learn to live a drug-free and productive life and has demonstrated that she is not willing to adhere to Drug Court Program rules and requirements.

Defendant has maintained a relationship and hid it from the Team. She admitted that she went off schedule to see this person. Defendant has obtained Suboxone from a former Drug Court member. Defendant has relapsed repeatedly and failed to address her addiction issues with her Case Manager, her Sponsor and her Treatment Provider.

Appellant's App. p. 45.

After her termination from Drug Court and pursuant to her plea agreement, Pierce returned to the trial court for sentencing. On March 19, 2013, the trial court ordered Pierce to serve a ten-year executed sentence for her Class B felony burglary conviction. At the sentencing hearing, the trial court considered Pierce's noncompliance with Drug Court program requirements, her multiple court schedule violations, and her recurrent drug relapses to be aggravating factors. The trial court found Pierce's payment of restitution and her continuing battle with addiction to be mitigating factors, but held that the weight of these factors was lessened because the firearm she stole was never recovered and because Pierce had failed to comply with Drug Court requirements.

Pierce now appeals her sentence.

**Discussion and Decision**

Pierce argues that the ten-year sentence imposed by the trial court was inappropriate because the trial court "failed to carefully examine the particulars of the case and of Pierce and focused nearly exclusively on the Drug Court violations." Appellant's Br. at 10. She argues that the nature of her crime points to a reduced sentence since the theft was "not unduly large," there was "no extraordinary damage done to other property within the home," and she accepted responsibility for the burglary when questioned by police. Appellant's Br. at 7. She also argues that her character supports a lesser sentence because she has only one prior conviction for a

4

relatively minor offense, has maintained stable employment, demonstrated accountability for her crime by admitting to it and paying restitution, and volunteered information about items that she had stolen that Masterson did not report missing. She asserts that her Drug Court violations do not reflect poorly on her character because they were "mostly technical and not substantive." Appellant's Br. at 8.

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied.

Although we have the power to review and revise sentences, the principal purpose of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied. Our review under Appellate Rule 7(B) should focus on "the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Fonner v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)

5

With regard to the nature of the offense, a crime's advisory sentence is the starting point our legislature has selected as an appropriate sentence for the offense committed. Anglemyer, 868 N.E.2d at 494. Class B felony burglary carries an advisory sentence of ten years, with a fixed term of between six and twenty years. Ind. Code § 35-50-2-5. Here, the trial court sentenced Pierce to the advisory term of ten years executed.

Considering the nature of the offense, we note that, while Pierce's crime was not particularly egregious, the evidence shows that Pierce intruded into Masterson's home by breaking a window and, once inside, stole personal items which she later pawned to support her heroin addiction. Pierce admitted that, even though she was taking methadone to treat her addiction, she continued to use heroin and had consumed both heroin and methadone an hour or two before burglarizing Masterson's home. Pierce told a probation officer that she also stole items from the house to sell to recover items that she had previously pawned. Since Pierce burglarized Masterson's home while being gainfully employed and living rent-free with her parents, it seems that her crime was motivated by greed as well as by her drug addiction.

We also conclude that Pierce's character supports the imposition of the advisory sentence. While Pierce has only one previous criminal conviction, she admitted that she illegally possessed illegal drugs, including heroin, cocaine, crack cocaine, LSD, and ecstasy, for five years prior to the burglary. Furthermore, Pierce's behavior while in Drug Court does not reflect positively on her character. Pierce was offered the most comprehensive form of rehabilitative intervention available to offenders with substance abuse problems in Indiana—the opportunity to participate in Drug Court. While part of the Drug Court program, Pierce received substance abuse treatment, intensive judicial monitoring, and many other services. Pierce was afforded the chance to avoid prison time while working to overcome her addictions, but she squandered that opportunity by breaking the Drug Court rules.

Furthermore, Pierce's Drug Court violations were not merely "technical" ones, as Pierce would have us believe. The record shows that in July 2011, after she had already entered Drug Court, Pierce used heroin. She used Suboxone in August of 2012 and obtained Suboxone again in October of 2012, immediately prior to her termination from the program. She also violated her Drug Court schedule several times and violated Drug Court rules by becoming involved in a romantic relationship and visiting another Drug Court participant's residence. For all of these reasons, we conclude that the ten-year advisory sentence imposed by the trial court was not inappropriate given the nature of the offense and the character of the offender.

Pierce also argues that the trial court abused its discretion when it found her non-compliance with Drug Court requirements to be aggravating factors, arguing that her "penalty for her non-compliance was having a conviction for [C]lass B felony on her previously admirable record," and that her "non-compliance does not make the Burglary more severe." Appellant's Br. at 8-9.

A trial court's sentencing decision lies within its sound discretion and will only be reviewed for an abuse of that discretion. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). "The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion," however the relative weight given to those reasons is not subject to appellate review. Id. Pierce's argument amounts to a request that we reweigh the evidence, which we will not do. See McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). Therefore, we also conclude that the trial court did not abuse its discretion in ordering Pierce to serve ten years executed in the Department of Correction.

**Conclusion**

For all of these reasons, we conclude that Pierce's ten-year executed sentence is not inappropriate in light of the nature of the offense and her character and the trial court did not abuse its discretion in imposing the sentence at issue.

Affirmed.

BRADFORD, J., and PYLE, J., concur.