## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2016, 9:15 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Neil L. Weisman
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adrian Forrest,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 10, 2016

Court of Appeals Case No.
71A03-1508-CR-1285

Appeal from the
St. Joseph Superior Court

The Honorable
Elizabeth C. Hurley, Judge

Trial Court Cause No.
71D08-1405-FD-362

**Kirsch, Judge.**

[1] Adrian Forrest ("Forrest") pleaded guilty to operating a motor vehicle while suspended as a habitual traffic violator ("HTV"),[1] a Class D felony, and operating a motor vehicle while intoxicated[2] as a Class C misdemeanor and was ordered to serve an aggregate two-year-sentence. Forrest appeals, raising the following issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On May 17, 2014, Forrest was pulled over in St. Joseph County, Indiana when he failed to signal a turn. At that time, Forrest informed the officer that his driver's license was suspended and gave a false name. Forrest also exhibited signs of intoxication. It was later determined that Forrest did not have a valid driver's license because it had been suspended due to his status as an HTV. Forrest was arrested, and the State charged him with Class D felony operating a motor vehicle while suspended as an HTV and Class C misdemeanor operating a motor vehicle while intoxicated.

[4] On May 7, 2015, Forrest pleaded guilty to both counts as charged without the benefit of a plea agreement. A presentence investigation report ("PSI") was

---

[1] *See* Ind. Code § 9-30-10-16. We note that this statute was amended effective July 1, 2014; however, Forrest committed his offense in May 2014, and we will apply the statute in effect at that time.

[2] *See* Ind. Code § 9-30-5-2(a).

ordered, and a sentencing hearing was held on July 30, 2015. In the PSI, the probation department recommended that Forrest be sentenced to three years with two years suspended and the executed portion to be served in community corrections. Forrest requested that the trial court accept the recommendation of the probation department. The State did not take a position as to whether community corrections was appropriate, but did point out that Forrest had gone missing from community corrections placement in the past and had "difficulty" completing parole and probation in the past. *Sent. Tr.* at 7. The State also noted Forrest's extensive criminal history.

[5] The trial court found the fact that Forrest pleaded guilty without the benefit of a plea agreement was a mitigating factor. As aggravating factors, the trial court identified Forrest's extensive criminal history, pending charges that occurred while he was on bond in this case, and prior failures through community corrections, parole, and probation. Due to these past failures, the trial court found that community corrections was "not a viable option at this point." *Id.* at 8. The trial court then sentenced Forrest to two years for his operating a motor vehicle while suspended as an HTV conviction and sixty-five days for his operating a motor vehicle while intoxicated conviction, with the sentences to run concurrent with each other for an aggregate sentence of two years executed in the Indiana Department of Correction. Forrest now appeals.

## Discussion and Decision

[6] Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and

the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[8] Forrest argues that his sentence was inappropriate in light of the nature of his offense and his character. Forrest contends that the nature of his offense is not so egregious as to warrant a sentence over the advisory sentence. As to the character of the offender, Forrest asserts that his expression of remorse, his plea of guilty without the benefit of a plea agreement, the hardship his imprisonment

will cause his children, and the fact that he is only a moderate risk to reoffend all show that his sentence was inappropriate.[3]

[9]     Forrest pleaded guilty to Class D felony operating a motor vehicle while suspended as an HTV and Class C misdemeanor operating a motor vehicle while intoxicated. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years with the advisory being one and one-half years. Ind. Code § 35-50-2-7. A person who commits a Class C misdemeanor shall be imprisoned for a fixed term of not more than sixty days. Ind. Code § 35-50-3-4. In addition to any other criminal penalty that may be imposed for an offense of operating a vehicle while intoxicated, the court shall order that the person be imprisoned for at least five days or that the person perform at least one hundred eighty hours of community restitution or service. Ind. Code § 9-30-5-15(a)(1). Here, the trial court sentenced Forrest to two years for his Class D felony conviction and sixty-five days for his Class C misdemeanor conviction and ordered the sentences to be served concurrently for a total sentence of two years executed.

---

[3] To the extent Forrest argues that the sentence or mitigators should be reviewed for an abuse of discretion, "'an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant.'" *Keller v. State*, 987 N.E.2d 1099, 1121 n.11 (Ind. Ct. App. 2013) (quoting *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008)), *trans. denied*. Further, inappropriate sentence and abuse of discretion claims are to be analyzed separately. *Id.* Therefore, we consider only whether Forrest's sentence is inappropriate, and the failure to make a cogent argument regarding whether the trial court abused its discretion in sentencing him results in waiver of that issue. *Id*.

[10] As to the nature of the offense, Forrest was pulled over for failing to signal a turn and was discovered to be operating a vehicle while suspended as an HTV and while intoxicated. At the time, he committed the present offense, Forrest was on probation for a previous conviction for operating a vehicle while suspended as an HTV. The present offense is actually his third conviction for this crime.

[11] As to his character, Forrest has an extensive criminal history consisting of multiple offenses. He has eight prior misdemeanor convictions and nine prior felony convictions. These convictions include drug offenses, property crimes, crimes involving victims, and traffic-related offenses. Forrest has previously been on probation six times and has had his probation revoked two times. He has also absconded from previous placement in community corrections and had "difficulty" when previously on parole. *Sent. Tr*. at 7. Additionally, while on bond in the present case, Forrest was alleged to have committed two more felony offenses. We conclude that Forrest's two-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[12] Additionally, to the extent that Forrest argues that his sentence is inappropriate because the trial court did not order the executed portion to be served in community corrections, we do not agree. Placement in a community corrections program is an alternative to serving a sentence in the Department of Correction and is made at the sole discretion of the trial court. *Brown v. State*, 947 N.E.2d 486, 489 (Ind. Ct. App. 2011), *trans. denied*. A defendant is not

entitled to serve his sentence in a community corrections program, but as with probation, placement in the program is a matter of grace and a conditional liberty that is a favor, not a right. *Id*. The location where a sentence is to be served is an appropriate focus for application of our authority to review and revise a sentence; however, it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate because, as a practical matter, trial courts are aware of the feasibility of alternative placements in particular counties or communities. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). Further, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate, but rather, whether the sentence imposed is inappropriate. *Id*. at 344 (emphasis in original).

[13] Here, the evidence showed that Forrest had an extensive criminal history, had incurred pending charges for crimes that occurred while he was on bond in this case, and had prior failures through community corrections, parole, and probation. Due to these past failures, the trial court found that community corrections was "not a viable option at this point." *Sent. Tr*. at 8. A defendant challenging the placement of a sentence must convince this court that the given placement is itself inappropriate. *Fonner*, 876 N.E.2d at 344. We cannot say that Forrest's placement in the Department of Correction is inappropriate.

[14] Affirmed.

[15] Mathias, J., and Brown, J., concur.