## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 12 2016, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Emmanuel Arrington, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 12, 2016 <br><br> Court of Appeals Case No. <br> 34A04-1605-CR-1207 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause No. <br> 34D04-1408-FC-116 |

**Crone, Judge.**

## Case Summary

[1] Emmanuel Arrington appeals the four-year aggregate sentence imposed for his two convictions of class D felony identity deception. Arrington contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that the trial court did not abuse its discretion in sentencing him and that he has failed to carry his burden to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On June 15, 2014, while on parole, Arrington went to The Social Experience, a Kokomo nightclub, and used two counterfeit credit cards. He charged $400 to a credit card belonging to Laura Campbell and $700 to a credit card belonging to John Keiffner. Later that evening, Arrington was shot at a different nightclub. During the investigation of the shooting, the police obtained Arrington's clothing and discovered the counterfeit credit cards that he used at The Social Experience. After Arrington was released from the hospital, but before he was charged with the current offenses, he reimbursed the owner of The Social Experience for the counterfeit credit card transactions.

[3] In August 2014, the State charged Arrington with four counts of class C felony forgery, one count of class C felony corrupt business influence, four counts of class D felony fraud, four counts of class D felony counterfeiting, and five

counts of class D felony identity deception.[1] Arrington was released on bond. In February 2016, the State arrested Arrington and charged him with level 1 felony attempted murder and unlawful possession of a firearm by a serious violent felon. The State filed a petition to revoke Arrington's bond, which the trial court granted.

[4] In April 2016, the State and Arrington entered into a plea agreement,[2] in which Arrington agreed to plead guilty to two counts of class D felony identity deception, the State agreed to dismiss the remaining charges, and the parties agreed that Arrington's sentence would be capped at four years with any executed portion to be determined by the trial court. The trial court accepted the plea agreement and held a sentencing hearing. Arrington's elderly father and the mother of Arrington's two minor children both testified that Arrington's incarceration would impose an undue hardship on them. Arrington conceded that he had an extensive criminal history but argued that the undue hardship that his incarceration would cause his dependents and his immediate restitution to the nightclub were mitigating factors. Arrington asked for a three-year aggregate sentence with eighteen months executed and eighteen months suspended to probation. The trial court noted that the hardship that Arrington's dependents would suffer as a result of his incarceration would "in other situations might be very compelling" but that it could not ignore

---

[1] Arrington mistakenly claims that he was charged with four counts of identity deception.

[2] In November 2015, Arrington and the State entered into the first of two plea agreements. Although the trial court accepted this plea agreement, in January 2016 the court granted Arrington's motion to set it aside.

Arrington's extensive criminal history consisting of thirteen felonies and eleven misdemeanors, his commission of the current offenses while he was on parole, and that he had been charged with new offenses. Tr. at 27. The trial court concluded that Arrington should not "be out in the community" and imposed two-year executed terms for each conviction, to be served consecutively. *Id.* This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in sentencing Arrington.

[5] Arrington asserts that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs when the trial court's decision is contrary to "the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Williams v. State*, 997 N.E.2d 1154, 1163 (Ind. Ct. App. 2013). A trial court abuses its discretion by (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91. Although an appellate court may review the trial court's reasons for imposing

sentence and omissions of reasons, the relative weight assigned by the trial court to its reasons, i.e., aggravators or mitigators, is not subject to appellate review. *Id*. at 491.

[6] Arrington contends that that the trial court abused its discretion by failing to find as mitigating factors that (1) his incarceration would result in undue hardship to his father and children and (2) he made restitution to The Social Experience. The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor and is not required to give the same weight to proffered mitigating factors as the defendant does. *Healy v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. A trial court does not abuse its discretion by failing to identify a mitigating factor unless the mitigating evidence is both significant and clearly supported by the record. *Id*.

[7] As for Arrington's claim of undue hardship, we note that "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Arrington contends that special circumstances exist because he is the primary breadwinner for his two minor children as well as the only one who cares for his seventy-four-year-old father, who has suffered from two mini-strokes and a mild heart attack. Our review of the record shows that the trial court did not fail to acknowledge the hardship that would be experienced by Arrington's father and children, as the court observed that Arrington's witnesses' testimony "would in other situations … be very compelling." Tr. at 27. However, the

trial court clearly found that any mitigating weight from their hardship was substantially outweighed by the aggravating weight that Arrington's criminal history warranted. The trial court's weighing of mitigators and aggravators is not subject to review on appeal. *See Anglemyer*, 868 N.E.2d at 491.

[8] As for Arrington's payment of restitution to the nightclub, his efforts in this regard are probably entitled to some mitigating weight. However, any weight that might have been assigned to this proffered mitigator is more than offset by the aggravating weight of his extensive criminal history.

[9] Arrington also argues that the trial court abused its discretion by considering that he had been charged with a new crimes while out on bond to be an aggravator.[3] We disagree. A charge pending at the time of sentencing is a proper aggravating circumstance "and may be considered by a sentencing court as being reflective of the defendant's character and as indicative of the risk that he will commit other crimes in the future." *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991); *see also* Ind. Code § 35-38-1-7.1 (providing that the trial court may consider as an aggravating factor that the defendant "has recently violated the conditions of any probation, parole, pardon, community corrections placement, or pretrial release granted to the person."). We conclude that the trial court did not abuse its discretion in sentencing Arrington.

---

[3] Arrington makes an argument based on *Blakely v. Washington*, 542 U.S. 296 (2004). However, *Blakely* applies to Indiana's prior "presumptive" sentencing scheme. *Smylie v. State*, 823 N.E.2d 679, 683-84 (Ind. 2005), *cert. denied*. In April 2005, Indiana's sentencing statutes were amended to an "advisory" sentencing scheme to which *Blakely* does not apply. *Rogers v. State*, 897 N.E.2d 955, 963-64 (Ind. Ct. App. 2008), *trans. denied (2009)*. Because Arrington committed his crimes in 2014, *Blakely* does not apply to his sentencing.

## Section 2 - Arrington has failed to carry his burden to establish that his sentence is inappropriate.

[10] Arrington argues that his four-year executed sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Arrington has the burden to show that his sentence is inappropriate. *Anglemyer*, 868 N.E.2d at 494. In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate but whether the sentence is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[11] Arrington received the maximum sentence possible.[4] Although the maximum possible sentences are generally most appropriate for the worst offenders, maximum sentences are not inappropriate merely because a worse scenario can be imagined, "as it is always possible to identify or hypothesize a significantly more despicable scenario." *Wells v. State*, 904 N.E.2d 265, 274 (Ind. Ct. App. 2009*), trans. denied*. Rather than focusing on whether there are worse scenarios, we focus "on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Id*. Arrington argues that the maximum sentence is inappropriate

---

[4] The sentencing range for a class D felony is six months to three years with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7. Although Arrington committed two offenses, they arose out of a single episode of criminal conduct, and therefore the maximum sentence that could be imposed could not exceed the advisory sentence for a class C felony, which is four years. Ind. Code §§ 35-50-1-2, 35-50-2-6.

because the nature of his offenses represents typical identity deception and he paid restitution even before he was charged. We commend Arrington for making restitution to the nightclub, but he ignores that the people whose credit cards he counterfeited also suffered, at a minimum, inconvenience and emotional distress. Although his offenses are not particularly egregious, we are required to examine his character as well.

[12] Arrington has a long and extensive criminal history, consisting of thirteen felonies and eleven misdemeanors. His felonies include dealing in cocaine, possession of cocaine, aggravated unlawful use of a weapon or vehicle, and synthetic identity deception. He has served periods of community supervision, which were revoked on two occasions for noncompliance. He was on parole when he committed the instant offenses, and while he was released on bond, he was charged with attempted murder and unlawful possession of a firearm by a serious violent felon. He has been provided with numerous opportunities to change his behavior. Instead, he has chosen to engage in an ongoing pattern of criminal activity. We conclude that Arrington has failed to carry his burden to show that his four-year sentence is inappropriate in light of the nature of his offenses and his character. Therefore, we affirm.

[13] Affirmed.

Kirsch, J., and May, J., concur.