## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2017, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roy Anthony Peters, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 29, 2017 <br><br> Court of Appeals Case No. <br> 33A05-1610-CR-2422 <br><br> Appeal from the <br> Henry Circuit Court <br><br> The Honorable <br> Jack A. Tandy, Senior Judge <br><br> Trial Court Cause No. <br> 33C01-1511-F2-6 |

**Kirsch, Judge.**

[1]	Pursuant to a plea agreement, Roy Anthony Peters ("Peters") pleaded guilty to Level 2 felony dealing in methamphetamine,[1] and the trial court sentenced him to fifteen years executed in the Indiana Department of Correction ("DOC"). Peters appeals his sentence, claiming that the trial court should have recommended that his sentence be served in DOC's Purposeful Incarceration Program.

[2]	We affirm.

## Facts and Procedural History

[3]	On November 6, 2015, the State charged Peters with Level 2 felony dealing in methamphetamine and five other drug-related offenses. In July 2016, Peters signed a plea agreement, agreeing to plead guilty to Level 2 felony dealing in methamphetamine in exchange for the dismissal of the remaining five counts and a sentence cap of fifteen years; otherwise, sentencing was open to the trial court. On September 22, 2016, after a factual basis was established, the trial court accepted Peters's plea and sentenced him to fifteen years executed in DOC.

[4]	At the sentencing hearing, Peters testified that he was "in charge of a restaurant management group," and had "been steadily employed his whole life." *Tr.* at 24. He then stated that he had never been involved in substance abuse

---

[1] *See* Ind. Code § 35-48-4-1.1.

evaluation or treatment. Peters testified that he was familiar with the DOC's Purposeful Incarceration Program ("Purposeful Incarceration"), a substance abuse program that had not been available to Peters when he served time in DOC in 2006.[2] Peters asked the trial court to recommend that he participate in Purposeful Incarceration, thereby allowing the trial court to modify his sentence upon successful completion of the program. *Id.* at 34.

[5] In response to the State's questioning, Peters admitted to having a March 2004 conviction in Rush County for Class D felony possession of cocaine or methamphetamine or narcotic, a crime that was initially charged as Class B felony dealing.[3] In September 2004, while out on bond for the possession offense, Peters was charged with, and later convicted in Franklin County of, Class B felony manufacturing or delivering methamphetamine. Peters also confirmed that, in the present case, he sold two and one-half grams of methamphetamine to a confidential informant on or about November 2, 2015.[4]

---

[2] In *Marley v. State*, 17 N.E.3d 335 (Ind. Ct. App. 2014), *trans. denied*, our court, quoting from the Indiana Department of Correction website, explained:

> In 2009 the Indiana Department of Correction (IDOC) began a cooperative project with Indiana Court Systems called Purposeful Incarceration (P.I.). The Department works in collaboration with Judges who can sentence chemically addicted offenders and document that they will "consider a sentence modification" should the offender successfully complete an IDOC Therapeutic community. This supports the Department [of] Correction and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society.

*Marley*, 17 N.E.3d at 338 n.1 (quoting http://www.in.gov/idoc/2798.htm (last visited Mar. 15, 2017).

[3] Peters also conceded that he had been arrested four times for driving under the influence in the late 1980s and early 1990s. *Tr.* at 27-28.

[4] Peters was charged with this offense; however, this count was dismissed as part of the plea agreement in the instant case.

*Tr.* at 28. Two days later, while officers were serving an arrest warrant for the November 2 offense, police found in Peters's possession thirty-four grams of methamphetamine; Peters was then charged with Level 2 felony possession with intent to deliver methamphetamine, the instant offense. While out on bond, Peters was arrested in Franklin County and charged with maintaining a common nuisance and possession of marijuana.[5]

[6] During closing remarks, the State asserted that Peters should not be recommended for Purposeful Incarceration, saying, "Purposeful Incarceration was never intended for drug dealers . . . . [Peters] is selling methamphetamine. He has admitted to that today and it happened twice on this case and he has had another case where he has either manufactured or sold. Drug dealers belong in jail, not in Purposeful Incarceration . . . ." *Id*. at 31. The trial court declined Peters's request to place him in Purposeful Incarceration and sentenced him to fifteen years executed in DOC. Peters now appeals.

## Discussion and Decision

[7] Peters "argues that his *sentence is inappropriate in light of the nature of his offense and of his character*. Specifically, he asserts the Trial Court *abused its discretion* by not recommending he be referred to the [DOC's] Purposeful Incarceration Program." *Appellant's Br*. at 6 (emphasis added). An inappropriate sentence analysis, however, does not involve an argument that the trial court abused its

---

[5] These two counts were also dismissed as part of the plea agreement in the instant case.

discretion in sentencing the defendant. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). With respect to sentencing arguments, inappropriateness and abuse of discretion are different claims that are analyzed separately and should not be intermingled. *See, e.g., Foutch v. State,* 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016); *King,* 894 N.E.2d at 267.

[8] In his brief, Peters frames his issue as, and consistently argues that, the trial court abused its discretion when it did not order that his sentence be served in Purposeful Incarceration. However, that issue is not subject to review for abuse of discretion. *King*, 894 N.E.2d at 267. Rather, "[t]he location where a sentence is to be served is an appropriate focus for application of our review and revise authority" under Appellate Rule 7(B). *Id*. (citing *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007)); *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). Although Peters briefly refers to Appellate Rule 7(B) and sets forth the standard of review for an inappropriateness claim, *Appellant's Br*. at 6, he has not supported his inappropriateness claim with cogent argument or citation to authority as required by Indiana Appellate Rule 46(A)(8)(a). Accordingly, any argument regarding appropriateness is waived. *See Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) (observing that failure to present cogent argument or citation to authority constitutes waiver of issue for appellate review), *trans. denied*.

[9] Waiver notwithstanding, our court has recognized, "It will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner*, 876 N.E.2d at 343. "As a practical matter, trial courts

know the feasibility of alternative placements in particular counties or communities." *Id*. "For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale." *Id*. at 343-44. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015).

[10] Peters asked the trial court to place him in DOC's Purposeful Incarceration. Citing to Peters's numerous and significant drug-related convictions, the trial court denied Peters's request. *Tr*. at 35-36. The trial judge explained to Peters:

> I am not going to recommend Purposeful Incarceration for you and I appreciate the State's argument -- I don't necessarily adhere to the distinction between dealers and possessors of drugs because I know that that line is very blurred out in the real world that you are trading and selling and sharing with associates and friends and so forth in addition to receiving money perhaps for drugs. My thought or thinking of this situation is that you have had several drug related convictions - significant ones. I don't want to -- I am here on a temporary basis -- I don't want to necessarily tie the hands of the future Judge to require that person to modify your sentence in the future. They can elect to do that if they choose to certainly, but if I put you in Purposeful Incarceration then if you complete that program then they have modify you [sic]. So, I don't think based on your situation and your criminal history in particular that I want to do that. So, I am not going to grant your request to place you in the Purposeful Incarceration program but I will encourage you to take advantage of whatever treatment programs you have available to you while at the Department of Correction and certainly if you choose to file a request to review your sentence and request a

> modification in the future then the regular Judge of this Court
> can take a look at that and decide if they want to grant that.

*Id.* It was not inappropriate for the trial court to place Peters in DOC, and not in DOC's Purposeful Incarceration program.

[11]    Affirmed.

Robb, J., and Barnes, J., concur.