Samuel FONNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0703–CR–161.

Court of Appeals of Indiana.

Nov. 5, 2007.

Jane H. Conley, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Samuel Fonner ("Fonner") appeals his conviction for Operating a Motor Vehicle while Privileges are Forfeited for Life, a Class C felony, claiming that the evidence is insufficient to support his conviction. He also argues that his sentence is inappropriate in light of the nature of his offense and his character. Finding that there is sufficient evidence to support Fonner's conviction and that his sentence is not inappropriate, we affirm the judgment of the trial court.

### Facts and Procedural History

The facts most favorable to the verdict reveal that on the evening of August 28, 2006, Officer Glenn Geisser ("Officer Geisser") of the Indianapolis Police Department observed a green Chrysler LeBaron ("LeBaron") drive too fast and hit the median. Officer Geisser never let the LeBaron out of his sight. He followed the car and turned on his spotlight and emergency lights to initiate a traffic stop. According to Officer Geisser, there was only one person in the car. As the LeBaron proceeded down Berwick Street, Officer Geisser was no more than a car length behind it. When the car pulled into a driveway, Officer Geisser pulled up alongside the driver's side door because he thought the driver would attempt to run. At this point, Officer Geisser approached the car, told the driver to remain inside, identified the driver as Fonner, and ran his information through the Bureau of Motor Vehicles database. Because Officer

Geisser found that Fonner's license had been forfeited for life, he ticketed him.

On August 30, 2006, the State charged Fonner with Operating a Motor Vehicle while Privileges are Forfeited for Life, a Class C Felony.[1] A jury found Fonner guilty as charged. Subsequently, the trial court sentenced Fonner to four years in the Indiana Department of Correction ("DOC"). Fonner now appeals.

### Discussion and Decision

On appeal, Fonner raises two issues. First, he contends that the evidence is insufficient to support his conviction for Operating a Motor Vehicle while Privileges are Forfeited for Life. Second, Fonner contends that his sentence is inappropriate in light of the nature of his offense and his character. We address each issue in turn.

### I. Sufficiency of Evidence

Fonner first contends that the evidence is insufficient to support his conviction. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of the witnesses...." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). We must consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to prove that Fonner was guilty of Operating a Motor Vehicle while Privileges are Forfeited for Life, the State had to prove that Fonner was driving when his license had been forfeited for life. Ind.Code § 9–30–10–17. In arguing that

1. Ind.Code § 9–30–10–17.

the evidence is insufficient, Fonner invokes the incredible dubiosity rule by arguing that Officer Geisser's testimony is inconsistent. This rule provides, "If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed." *Fajardo v. State,* 859 N.E.2d 1201, 1208 (Ind.2007). However, "[a]pplication of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.*

At trial, Officer Geisser testified that he never lost sight of the LeBaron following his observation of the initial traffic violation. He also testified that he could see that there was only one person in the car because of his spotlight and emergency lights and that Fonner was that person. In challenging Officer Geisser's testimony, Fonner essentially argues that another witness presented a different version of events and that Officer Geisser provided inconsistent testimony, such as describing the night as "absolutely dark" but claiming that he could see into the car and identifying the wrong driveway both in his police report and during cross-examination. However, the jury was free to believe that with his lighting, Officer Geisser could see inside the car despite the dark evening. Also, although Officer Geisser did make a mistake regarding the address of the driveway and the side of the street to which the car pulled, his testimony still established the necessary elements of the offense. Given the above evidence, Fonner has failed to prove that Officer Geisser's testimony is incredibly dubious. As such, Fonner's arguments are merely an invitation for us to reweigh the evidence, which we will not do. The jury chose to believe Officer Geisser's account. Thus, there is sufficient evidence to support Fonner's conviction for Operating a Motor Vehicle while Privileges are Forfeited for Life.

## II. Appropriateness of Sentence

 Fonner also contends that his sentence is inappropriate in light of the nature of his offense and his character under Indiana Appellate Rule 7(B), which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind. Ct.App.2005) (internal citations omitted), *trans. denied, cert. denied,* 547 U.S. 1026, 126 S.Ct. 1580, 164 L.Ed.2d 310 (2006). The defendant has the burden of persuading us that his or her sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006).

 On appeal, Fonner points out that he "does not challenge the fact that he got an advisory sentence, but asks the court to consider the appropriateness of placement in the Department of Correction." Appellant's Br. p. 11. The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind.2007). Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial

court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

Here, the record shows that Fonner asked the trial court to place him on supervised day reporting. The trial court denied the request, citing Fonner's continuous record of vehicle-related misdemeanor and felony convictions over a fourteen-year period and the failure of a previous community corrections placement, declaring, "because I find that an alternate form of incarceration is unlikely to assist you in changing your behavior, because you've had the benefit of almost every other kind of alternate incarceration I execute that sentence to the Indiana Department of Correction." Tr. p. 125. After due consideration of the trial court's decision, we cannot say that Fonner's placement in the DOC is inappropriate.

Fonner also appears to complain about the length of his sentence by arguing that because Operating a Motor Vehicle while Privileges are Forfeited for Life is a status offense, he should have received a shorter sentence. However, just as a trial court cannot use the essential elements of an offense to find aggravating circumstances, *see Hall v. State*, 870 N.E.2d 449, 464 (Ind.Ct.App.2007), a trial court cannot use the essential elements of an offense to find mitigating circumstances. The legislature took into account that Operating a Motor Vehicle while Privileges are Forfeited for Life is a status offense when it classified it as a C felony.

Although there is nothing particularly egregious about the nature of the offense, Fonner's character proves otherwise. He has several prior convictions, including Operating a Motor Vehicle while Intoxicated, as a Class A misdemeanor, Operating a Motor Vehicle while Intoxicated with a Previous Conviction, a Class D felony, Operating a Vehicle while a Habitual Traffic Offender, a Class D felony, and a previous conviction for the precise offense at issue, Operating a Motor Vehicle while Privileges are Forfeited for Life. In sum, Fonner has not carried his burden of persuading this Court that the location of his sentence is inappropriate based upon his character and the nature of the offense he committed.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.