Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**ANGELA WARNER SIMS**
Hulse, Lacey, Hardacre, Austin,
  Sims & Childers, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 14 2012, 9:33 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

NOAH THOM,                               )
                                         )
    Appellant-Defendant,             )
                                         )
      vs.                         )     No. 48A05-1107-CR-348
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1101-FD-85

**March 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Noah Thom was convicted, pursuant to a guilty plea, of Class D felony Strangulation[1] and Class A misdemeanor Domestic Battery,[2] for which he received an aggregate sentence of twenty-four months in the Department of Correction ("DOC"). Upon appeal, Thom challenges the appropriateness of his placement at the DOC. We affirm.

## FACTS AND PROCEDURAL HISTORY

As of November 14, 2010, Thom and Cherce Vaughn had lived together for approximately one and one-half years.[3] That night the couple got into an argument which continued the next day. On November 15, 2010, Thom became very angry and choked Vaughn by placing his hands around her throat. In addition, Thom struck Vaughn at least ten times in the head and face and threw her to the floor at least five times. Vaughn hid in a closet to escape Thom. When he left, she contacted authorities.

Authorities who arrived to investigate discovered that Vaughn had a four- to five-inch cut on her forehead, a swollen face, and red finger marks around her neck. Vaughn complained of pain to her head, neck, and stomach.

On January 20, 2011, the State charged Thom with Class A misdemeanor domestic battery (Count I) and Class D felony strangulation (Count II). On May 16, 2011, Thom entered into a plea agreement with the State in which he agreed to plead guilty to both counts. As an additional term of the plea agreement, Thom and the State

---

[1] Ind. Code § 35-42-2-9(b) (2010).

[2] Ind. Code § 35-42-2-1.3(a) (2010).

[3] These facts come from the probable cause affidavit, which both parties rely upon for their facts. The transcript of the plea hearing was not included in the record on appeal.

agreed that his sentences would be twelve months for Count I and twenty-four months for Count II. The parties further agreed to leave placement to the discretion of the trial court.

At the June 13, 2011 sentencing hearing, Thom testified that he had a painful nerve condition which affected his motor skills, including his ability to walk, and which required that he take medication and attend doctor and physical therapy appointments. Thom additionally testified that he wished to attend school. Thom requested that the trial court assign him to a facility better able than DOC to address his needs. For its part, the State recommended placement at DOC.

In ordering Thom's placement at DOC, the trial court observed that Thom had an extensive criminal history, that his previous placement in probation or with community corrections had not been successful, and that the victim in the instant case had sustained significant injury. This appeal follows.

**DISCUSSION AND DECISION**

Upon appeal, Thom claims that his placement at DOC is inappropriate in light of the nature of his offenses and his character. Article VII, Sections 4 and 6 of the Indiana Constitution "'authorize[] independent appellate review and revision of a sentence imposed by the trial court.'" *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (emphasis and internal quotations omitted)). Such appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We

exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making sentencing decisions. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). It is the defendant's burden to demonstrate that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

The location where a sentence is to be served is an appropriate focus for our review and revise authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). Nevertheless, it is quite difficult for a defendant to prevail on a claim that his sentence placement is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007).

> As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Id.* at 343-44.

Not surprisingly, we are unpersuaded that Thom's placement with the DOC is inappropriate. As the trial court observed, Thom has a criminal history which includes at least two prior felony convictions, specifically Class D felony possession of a controlled substance and Class D felony theft, and multiple misdemeanor convictions, including one for domestic battery. Thom has not been successful in alternative placement programs, having violated his various probationary terms on multiple occasions. Furthermore, the nature of the instant offenses involved Thom committing potentially lethal acts against

4

Vaughn, leaving her with significant injuries. While Thom has clear medical and likely substance abuse problems, the trial court was within its discretion to discount the importance of addressing these needs through less restrictive placement. Indeed, Thom has never shown that DOC is unable to address his needs. Placement with DOC is not inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.