Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**DAVID T.A. MATTINGLY**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEVONTAE S. BRODNAX | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1405-CR-344 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1308-FB-24

**December 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Devontae Brodnax ("Brodnax") pleaded guilty to Class B felony burglary and was sentenced to thirteen years, with nine years executed in the Indiana Department of Correction and four years suspended to probation. Brodnax now appeals and argues that his sentence is inappropriate in light of the nature of the offense and character of the offender.

We affirm.

**Facts and Procedural History**

On August 2, 2013, sixteen-year-old Brodnax and two accomplices broke into the residence of Tadd Culver ("Culver") in Lafayette, Indiana. They stole, among other things, an iPod, an iPad, two video game systems, and a skateboard. These items were later discovered in Brodnax's bedroom.

On August 27, 2013, the juvenile court waived jurisdiction of the case. Three days later, on August 30, 2013, the State charged Brodnax with Class B felony burglary and three counts of Class D felony theft. On March 13, 2014, Brodnax agreed to plead guilty to Class B felony burglary. The State agreed to dismiss the remaining charges. The plea agreement provided that sentencing would be left to the trial court's discretion.

On April 9, 2014, the trial court accepted the plea agreement and held a sentencing hearing. At the hearing, the trial court considered Brodnax's guilty plea, his young age, and that he earned a GED while in the Tippecanoe County jail as mitigating circumstances. The trial court then found the following aggravating factors: Brodnax's extensive juvenile history; his regular use of alcohol and marijuana; and the fact that numerous previous attempts at rehabilitation, including probation, teen court, substance

2

abuse treatment, aggression replacement training, case management, individual and family counseling, multi-systemic therapy, home detention, and residential placement, had failed. After determining that the aggravating factors outweighed the mitigating factors, the trial court sentenced Brodnax to thirteen years, nine years to be executed in the Department of Correction and four years suspended to supervised probation.

Brodnax now appeals.

## Discussion and Decision

Brodnax argues that the sentence imposed by the trial court is inappropriate. Even if a trial court acted within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Id.

Still, we must and should exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes

3

but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; instead, the question is whether the sentence imposed is inappropriate. Former v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

Here, Brodnax was convicted of Class B felony burglary. See Ind. Code § 35-43-2-1. On the date of Brodnax's offense, the sentencing range for a Class B felony was six to twenty years, with ten years being the advisory sentence. See Ind. Code § 35-50-2-5 (2012). The sentence imposed by the trial court was thirteen years, which is three years greater than the advisory but also seven years less than the maximum sentence. The trial court ordered Brodnax to serve nine years of the sentence in the Department of Correction, with the remaining four years to be served on supervised probation. Brodnax argues that his sentence is inappropriate because, while he has a "significant juvenile criminal history," he has no adult criminal convictions. Appellant's Br. at 8. He also argues that because he is still a teenager, he is "not beyond rehabilitation." Id. at 9. He further emphasizes that his criminal history consists primarily of property offenses.

We note that Brodnax, although only sixteen years old at the time of his offense, had already been adjudicated a delinquent twice for criminal trespass, four times for theft, one time for resisting law enforcement, and one time for conspiracy to commit burglary. He had received a range of rehabilitative services, including probation, teen court, substance abuse treatment, aggression replacement training, case management, individual and family counseling, multi-systemic therapy, home detention, residential placement, secure detention, and a two-week Department of Correction diagnostic evaluation. Brodnax was released from the Indiana Boy's School only four months before he committed the present offense. What's more, he initially denied involvement in the burglary and attempted to place the blame on his accomplices. Brodnax has been given ample rehabilitative opportunities but has seemingly failed to benefit from any of them. In sum, Brodnax has continuously demonstrated a disregard for the law and a failure to be rehabilitated by lenient treatment.

With regard to the nature of Brodnax's offense, we note that Brodnax and his co-perpetrators broke into a residence and stole several electronics from the home, which were later discovered in Brodnax's bedroom. The evidence indicates that it was Brodnax who planned the burglary and who broke and entered into Culver's home.

Under these facts and circumstances, we cannot say that Brodnax's thirteen-year sentence, with nine years executed and four years suspended to supervised probation, is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.

5