## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2018, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ross M. Jordan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2018

Court of Appeals Case No.
18A-CR-903

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1706-F6-634

**Bradford, Judge.**

# Case Summary

After pleading guilty to Level 6 felony theft, Ross M. Jordan was sentenced to a one-year term, all of which was to be served in the Department of Correction ("DOC"). Jordan challenges the appropriateness of his placement in the DOC. We affirm.

# Facts and Procedural History

Between July and September of 2016, Jordan stole jewelry, electronics, and lawn equipment from his mother. He then pawned the stolen items at various pawn shops in exchange for $880. On June 8, 2017, the State charged Jordan with Level 6 felony theft. Jordan pled guilty and was placed in the Allen County Drug Court Diversion Program ("the program"). On February 21, 2018, Jordan's placement in the program was revoked after he admitted to committing numerous violations of the program's rules. The trial court subsequently sentenced him to a one-year term, all of which was to be served in the DOC.

# Discussion and Decision

Jordan contends that the trial court's order that he serve his one-year sentence in the DOC is inappropriate. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

> The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Fonner v. State*, 876 N.E.2d 340, 343–44 (Ind. Ct. App. 2007) (internal citation omitted).

[4] In this case, Jordan violated his Mother's trust by stealing numerous items from her home. These items included jewelry, electronics, and yard equipment. He then pawned these items for $880. Jordan's actions demonstrate a disregard for both his mother and her property.

[5] In addition, the fact that Jordan would steal from his mother reflects poorly on his character. Jordan's criminal history, albeit relatively minor, indicates that he has failed to alter his behavior and refrain from continued criminal activity. It also does not reflect well that Jordan took advantage of the leniency of the trial court in this case by committing numerous violations of the rules of the program. We cannot say that it was unreasonable for the trial court to infer

that Jordan would not respond well to similar rules if placed on probation or in community corrections.

[6] Finally, Jordan acknowledges that he suffers from an addiction and that his criminal behavior is generally related to his drug use. Jordan, however, has not sought treatment for his addiction. While Jordan claims to be sober, we are unconvinced that, even if true, such sobriety will be lasting without treatment. For these reasons, Jordan has failed to meet his burden of convincing us that placement in the DOC was inappropriate. *See id.,* 876 N.E.2d at 44 (providing that a defendant must convince us that the placement ordered by the trial court is inappropriate).

[7] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.