## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2018, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief
Criminal Appeals
Indianapolis, Indiana

### IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jordan L. Langston, *Appellant-Defendant,* | December 11, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1649 |
| | Appeal from the Whitley Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Matthew J. Rentschler, Judge |
| | Trial Court Cause No. 92C01-1710-F3-121 |

**Crone, Judge.**

## Case Summary

[1] Jordan L. Langston pled guilty to level 3 felony aggravated battery and level 6 felony leaving the scene of an accident with serious bodily injury. He received a ten-year sentence, with eight years executed and two years suspended to probation. Langston argues that his sentence is inappropriate in light of the nature of the offenses and his character. We disagree and therefore affirm.

## Facts and Procedural History

[2] On January 23, 2017, Maliek Kelly and several companions went to the house where Langston was staying so that Kelly and Langston could fight. The car that Kelly was riding in got stuck in some mud near the house. Kelly got out of the car to push it out of the mud. Langston, who was outside the house and had been drinking alcohol, saw that Kelly had a knife. Langston grabbed a baseball bat and chased Kelly, who ran into a cornfield. Kelly's companions got the car unstuck and drove it around the block. Langston stopped chasing Kelly, got into a car, and followed them. Kelly's companions attempted to pick Kelly up as he exited the cornfield. As Kelly was about to enter the car, Langston's car struck him at twenty-five miles per hour and sent him flying over fifty feet. Kelly suffered a broken sternum, arm, ribs, pelvis, knee, and ankle, and his jaw was broken in three places and had to be wired shut. Langston fled the scene and was later apprehended by police.

[3] The State charged Langston with level 3 felony aggravated battery and level 6 felony leaving the scene of an accident with serious bodily injury. Langston

agreed to plead guilty without a plea agreement two weeks before his scheduled trial. At the sentencing hearing, the trial court found as aggravating factors Langston's "terrible" juvenile and adult criminal record, his "many prior[] probation violations[,]" and his "substance abuse history." Tr. Vol. 2 at 18. The court found as mitigating factors "the fact that [Langston had] gotten [his] GED" as well as his "acceptance of responsibility" and apology to the victim, which was "insufficient" but "appropriate[.]" *Id.* The court sentenced Langston to ten years for the level 3 felony, with eight years executed and two years suspended to probation, and a concurrent two-year term for the level 6 felony. Langston now appeals.

## Discussion and Decision

[4] Langston asks us to reduce his level 3 felony sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." "Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment 'should receive considerable deference.'" *Grundy v. State*, 38 N.E.3d 675, 683 (Ind. Ct. App. 2015) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples

of good character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The principal role of appellate review is to attempt to “leaven the outliers.” *Cardwell*, 895 N.E.2d at 1225.

[5] “[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.” *Id*. at 1224. “We consider the aggravators and mitigators found by the trial court and also any other factors appearing in the record.” *Eisert v. State*, 102 N.E.3d 330, 334 (Ind. Ct. App. 2018), *trans. denied*. We “may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge." *McFall v. State*, 71 N.E.3d 383, 390 (Ind. Ct. App. 2017). We do not look to see “if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate.” *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Langston has the burden of persuading us that his sentence is inappropriate. *Id*. at 343.

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Level 3 felony aggravated battery is defined in pertinent part as the knowing or intentional infliction of injury on a person that creates a substantial risk of death or causes serious permanent disfigurement or causes protracted loss or impairment of the function of a bodily member or organ. Ind. Code § 35-42-2-1.5. The sentencing

range for a level 3 felony is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5. Langston received a sentence well below the maximum and only slightly above the advisory, with two years suspended to probation.

[7] Langston acknowledges that "striking another person with a vehicle creates a substantial risk of serious injury and loss of life[,]" but he argues that "the injuries that were caused and the harm contemplated by [his] act were taken into account by the elements of the offense." Appellant's Br. at 13. This argument disregards that Langston had chased Kelly away from the house with a baseball bat and that Kelly's companions were going to drive him away from the scene. Instead of abandoning his pursuit, Langston (who had been drinking alcohol) jumped into his car and intentionally struck Kelly at twenty-five miles per hour, sending him flying over fifty feet and breaking multiple bones. The brutality and marked lack of restraint demonstrated by Langston's aggravated battery of Kelly do not support a reduced sentence.

[8] Neither does Langston's character. "The character of the offender is found in what we learn of the offender's life and conduct." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. When considering the offender's character, one relevant fact is his criminal history. *Eisert*, 102 N.E.3d at 335. Langston, who was nineteen when he battered Kelly, has been convicted or adjudicated a delinquent for almost a dozen different crimes ranging from misdemeanor marijuana possession and resisting law enforcement to felony theft. He has also violated probation multiple times. Langston makes

much ado about his "acceptance of responsibility" by pleading guilty without a plea agreement or the dismissal of any charges, Appellant's Br. at 14, but he did so only two weeks before his scheduled trial, and the trial court noted that he had "hedged a lot in [his] statements to the police and [his] statement in the presence investigation" and had "described what happened as an accident[,]" which clearly was not the case. Tr. Vol. 2 at 18. Langston also has a history of substance abuse, and he acknowledged in his presentence investigation interview that alcohol "could've had something to do with the offense." Appellant's App. Vol. 2 at 72. In short, Langston has presented no "compelling evidence" of any "substantial virtuous traits" or "persistent examples of good character" that would support a reduction of his sentence. *Stephenson*, 29 N.E.3d at 122. Therefore, we affirm it.

[9]    Affirmed.

Vaidik, C.J., and Mathias, J., concur.