## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency – Appellate Division
Indianapolis, Indiana

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hashim Holly,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 17, 2019

Court of Appeals Case No.
18A-CR-1345

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

The Honorable Richard E. Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1702-F2-5123

**Mathias, Judge.**

Hashim Holly ("Holly") appeals his sentence of ten years executed in the Department of Correction from the Marion Superior Court as inappropriate considering the nature of the offense and the character of the offender. We affirm.

## Facts and Procedural History

On February 5, 2017, at approximately 2:30 a.m., on Keystone Avenue at 34th Street in Marion County, an officer with the Indianapolis Metropolitan Police Department ("IMPD") initiated a traffic stop of Holly for having no license plate light. Holly had a passenger with him in the vehicle. He testified he was driving a neighbor home from work. The first officer approached the vehicle from the driver's side. A second officer arrived shortly thereafter and approached the vehicle on the passenger side.

Both officers shined their flashlights into the car. The initial officer did not see anything unusual from his viewpoint; however, when Holly lifted his body to reach his wallet in his back pocket, the second officer observed a gun handle under Holly's right leg. This officer asked the occupants of the vehicle if either of them held a permit to carry a gun. Both answered negatively. At this point, both officers drew their weapons, called a third officer, and held Holly and his passenger at gunpoint until the third officer arrived. When the third officer arrived, Holly and his passenger were removed from the car. Once both occupants were removed, officers could clearly see a gun on the right side of the driver's seat.

[4] A search of Holly's person revealed a bag in his jacket containing a variety of controlled substances, including marijuana, cocaine, Hydrocodone, and Suboxone, and a digital scale and a crack pipe. The officers read Holly his *Miranda* rights, and Holly stated that he had a drug problem.

[5] Holly was charged with the following:

> Count I: Level 2 felony dealing in cocaine;
>
> Count II: Level 4 felony possession of cocaine;
>
> Count III: Level 4 felony unlawful possession of a firearm by a serious violent felon;
>
> Count IV: Level 5 felony possession of a narcotic drug;
>
> Count V: Level 6 felony possession of a controlled substance;
>
> Count VI: Level 6 felony dealing in marijuana;
>
> Count VII: Class A misdemeanor possession of marijuana; and
>
> Count VIII: Class C misdemeanor possession of paraphernalia.

[6] A bench trial was held on April 26, 2018. At the beginning of the bench trial, the State dismissed the dealing charges in counts I and VI. At the conclusion of the bench trial, Holly was found guilty of Count II, possession of cocaine as a lesser included Level 5 felony; Count III, unlawful possession of a firearm by a serious violent felon as a Level 4 felony; Count IV, possession of a narcotic

drug as a Level 5 felony; Count V, possession of a controlled substance as a Level 6 felony; Count VII, possession of marijuana as a Class A misdemeanor; and Count VIII, possession of paraphernalia as a Class C misdemeanor.

[7] Holly faced a maximum sentence of six years for each of his Level 5 felony convictions, twelve years for his Level 4 felony, three years for his Level 6 felony, one year for his Class A misdemeanor, and sixty days for his Class C misdemeanor. *See* Ind. Code §§ 35-50-2-5.5–7; Ind. Code §§ 35-50-3-2, -4. Holly was sentenced to six years for Count II, ten years for Count III, six years for Count IV, two years for Count V, one year for Count VII, and one year for Count VIII, all to run concurrently for a total aggregate sentence of ten years. Holly appeals, arguing his sentence is inappropriate in light of the nature of the offense and character of the offender.

## Discussion and Decision

[8] Indiana Appellate Rule 7(B) provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[9] Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct.

App. 2007)), *trans. denied.* Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers" and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*.

[10]     The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Whether a sentence is appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. When considering the character of the offender, an individual's criminal history is relevant to the trial court's determination. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Even a minor criminal record reflects poorly on the character of a defendant. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11]     The nature of the offense supports the sentence. As a serious violent felon, Holly made the choice to possess a firearm and carry a variety of controlled substances and paraphernalia. He carried with him marijuana, cocaine, Hydrocodone, Suboxone, a digital scale, and a crack pipe.

[12] The character of the offender also supports the sentence. Holly testified at sentencing that he cares for his ailing grandmother and aunt. He also testified that he was employed by a car dealership doing repossessions. However, Holly has a lengthy and significant criminal history. The parties stipulated prior to trial that Holly was a serious violent felon. His criminal history includes juvenile true findings for batteries. In 2005, he was convicted of battery as a Class D felony and robbery as a Class B felony. In 2011, he was convicted of a misdemeanor possession of marijuana as well as a misdemeanor battery. In 2012, he was convicted of domestic battery as a Class D felony. In 2013, he was convicted of possession of hashish as a Class D felony. In 2014, he was convicted of a Level 6 felony neglect of a dependent. In 2015, he was convicted of a Level 6 felony possession of cocaine. Over this time period, Holly also accumulated various charges that had been dismissed.

[13] Holly's lengthy criminal history shows a clear disrespect of the law and others. This criminal history also shows significant dealings with illegal substances, and Holly believes he has an addiction to marijuana. He has not shown any attempts to rehabilitate himself or reform his criminal behavior. His sentence of ten years is less than the maximum sentence of twelve years for his Level 4 felony conviction, which was only one of his six convictions in this matter. Given these facts, we cannot conclude that the sentence in this matter is inappropriate.

# Conclusion

[14] Defendant has failed to meet his burden of persuading this court that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[15] Affirmed.

Bailey, J., and Bradford, J., concur.