## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2019, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Brooke Smith
Bradley Keffer
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Denise M. Lechner, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 20, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2351 <br><br> Appeal from the Vanderburgh <br> Circuit Court <br><br> The Honorable David D. Kiely, <br> Judge <br><br> Trial Court Cause No. <br> 82C01-1509-F2-5907 |

**Mathias, Judge.**

[1] Denise Lechner ("Lechner") pleaded guilty in Vanderburgh Circuit Court to Level 2 felony conspiracy to commit dealing in methamphetamine and was

sentenced to eighteen years of incarceration. Lechner appeals and argues that her sentence is inappropriate in light of the nature of her offense and her character.

[2] We affirm.

## Facts and Procedural History

[3] At some point prior to September 23, 2015, Lechner, Thomas Biggs ("Biggs"), and David Tapia ("Tapia") agreed to have methamphetamine shipped to Biggs's home; Tapia and Lechner then planned to deliver the methamphetamine to Illinois. Biggs was to receive a portion of the methamphetamine in consideration for the use of his home.

[4] On September 23, 2015, a United States Marshall apprehended Lechner at Biggs's home on outstanding warrants for dealing in methamphetamine and felony theft. When the Marshall asked if Lechner had anything illegal on her person, Lechner produced a small amount of methamphetamine. She also told the Marshall that she was at Biggs's home to pick up a package containing approximately five ounces (roughly 141.75 grams) of methamphetamine. While the Marshall spoke with Lechner, a package arrived at the house addressed to Veronica Chase, an alias used by Lechner. Inside the package was a lawn ornament. Inside the ornament was a package of a crystalline substance that tested positive as methamphetamine. The package was wrapped in black electrical tape, and a field test of the substance indicated that it weighed 358 grams, significantly more than five ounces.

[5] Lechner was later interviewed by Vanderburgh County Sheriff's Department Deputy James Budde ("Deputy Budde"). Lechner told Deputy Budde that she was supposed to retrieve the package from Biggs's home and transport it to a location in southern Illinois. In exchange for the use of his home, Biggs was to be given three grams of methamphetamine. She also stated that this was the third time she had picked up a package containing methamphetamine from Biggs's home.

[6] On September 28, 2015, the State charged Lechner with Level 2 felony conspiracy to commit dealing in methamphetamine in an amount of at least ten grams. *See* Ind. Code § 35-48-4-1.1(a)(2), (e)(1); Ind. Code § 35-41-5-2. On March 2, 2016, Lechner entered into an agreement with the State to plead guilty to Level 2 felony conspiracy to commit dealing in methamphetamine. On April 6, 2016, Lechner filed a motion requesting to be released from jail so that she could attend her stepfather's funeral the following day. The trial court granted this request on the condition that Lechner wear a GPS monitor to track her location. Instead of returning to jail after the funeral, Lechner cut the GPS monitor off and fled. She was apprehended eleven days later, and her bond was revoked. The State also moved to withdraw its earlier plea agreement, which the trial court granted.

[7] On October 20, 2016, Lechner's counsel informed the trial court that the State had offered to dismiss charges in two other cases pending against Lechner if she agreed to an "open" plea of guilty in two other cases, including the present one. Lechner then pleaded guilty to conspiracy to commit Level 2 felony dealing in

methamphetamine in the present case. At a sentencing hearing held on November 11, 2016, the trial court accepted Lechner's plea and sentenced her to eighteen years of incarceration. Lechner filed a petition for permission to file a belated notice of appeal on September 4, 2018, which the trial court granted on September 19, 2018. Lechner then filed her notice of appeal on September 28, 2018, and this appeal ensued.

## Discussion and Decision

[8] Lechner contends that her sentence of eighteen years is inappropriate in light of the nature of her offense and her character. Even if a trial court acts within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied* (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007)). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[9] Although we may revise a sentence on appeal, we still exercise deference to a trial court's sentencing decision, as Appellate Rule 7(B) requires us to give "due consideration" to that decision, and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor*, 950

N.E.2d at 355 (citing *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). The principal role of appellate review should be to attempt to "leaven the outliers" and identify guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[10] Under Appellate Rule 7(B), the appropriate question is not whether we believe another sentence is more appropriate; rather, the question is whether the sentence imposed by the trial court is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The defendant bears the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Shell v. State*, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010) (citing *Anglemyer,* 868 N.E.2d at 494).

[11] In the present case, Lechner was convicted of a Level 2 felony, and the sentencing range for a Level 2 felony is ten to thirty years, with the advisory being seventeen and one-half years. Ind. Code § 35-50-2-4.5. Lechner was sentenced to eighteen years—only six months more than the advisory. Thus, the burden she bears is higher than if she had been given a more severe sentence. *Cf. Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (noting that the advisory sentence is the starting point our General Assembly

has selected as an appropriate sentence for the crime committed and that a defendant therefore bears a particularly heavy burden in persuading us that an advisory sentence is inappropriate), *trans. denied*.

[12] With regard to the nature of the offense, Lechner argues that the factual basis supporting her plea "does not establish any facts beyond what are typically expected or required for the type of offense." Appellants Br. at 8; *see also Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013) (noting that when considering the nature of the offense, a court compares the defendant's actions with the required showing to sustain a conviction under the charged offense), *trans. denied*. This, however, assumes that we are only permitted to look to the facts established in the factual basis when considering the appropriateness of a sentence. Lechner, however, provides no authority supporting this assumption. Here, Lechner admitted to the investigating officers that she had transported methamphetamine to Illinois twice before. She also admitted that the amount of methamphetamine in the package was supposed to be five ounces, significantly more than the ten grams required to elevate the crime to a Level 2 felony. And even if we were to agree with Lechner that we may only consider the factual basis, it still shows that she conspired to deliver large amounts of methamphetamine and transport it to Illinois. *See* Tr. p. 29.

[13] More importantly, Lechner's character, as evidenced by her lengthy criminal history, is by itself sufficient to support the trial court's sentencing decision. Although Lechner emphasizes that she spent a nine-year period drug free and without committing any additional criminal offenses, we are unable to overlook

that she has fourteen prior felony convictions and nine prior misdemeanor convictions. And many of these prior convictions were for possession of methamphetamine and other controlled substances. Lechner has been charged with over fifty crimes in three states. Lechner has also previously violated the terms of her work release and probation. And in the present case, when the trial court showed lenience toward Lechner by permitting her to attend her stepfather's funeral, she took off her GPS monitor and escaped. Suffice it to say that none of this reflects well on Lechner's character.

[14] Given the nature of Lechner's offense and her character, as reflected in her continued failure to abide by the law, we are unable to conclude that she has met her burden of showing that her eighteen-year sentence is inappropriate. Accordingly, we affirm the judgment of the trial court.

[15] Affirmed.

Vaidik, C.J., and Crone, J., concur.