## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Mar 06 2020, 11:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ervin M. Price, *Appellant-Defendant,* | March 6, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2358 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John T. Roach, Judge |
| | Trial Court Cause No. 84D01-1807-F4-2586 |

**Bradford, Chief Judge.**

# Case Summary

[1] In September of 2019, Ervin Price pled guilty to four counts of Level 4 felony cocaine dealing, and the trial court sentenced him to nine years in the Indiana Department of Correction ("DOC") with three years suspended to probation. Price challenges the appropriateness of his placement in the DOC. We affirm.

# Facts and Procedural History

[2] On four separate occasions in February of 2018, Price sold cocaine to a confidential informant, totaling approximately seven grams. On July 26, 2018, the State charged Price with four counts of Level 4 felony cocaine dealing, four counts of Level 6 felony cocaine possession, and four counts of Level 6 felony maintaining a common nuisance. While on pretrial work release, Price committed new offenses which resulted in charges of Level 2 felony cocaine dealing, Level 3 felony cocaine possession, Level 2 felony methamphetamine dealing, Level 4 felony methamphetamine possession, and Level 5 felony neglect of a dependent, Level 6 felony maintaining a common nuisance, and Class B misdemeanor marijuana possession. On September 12, 2019, pursuant to a plea agreement, Price agreed to plead guilty to four counts of Level 4 felony cocaine dealing, and the State agreed to dismiss the remaining charges. The trial court accepted the plea agreement and sentenced Price to nine years in the DOC with three years suspended to probation.

# Discussion and Decision

[3] Price does not contest the length of his sentence, only his placement in the DOC. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). Placement is an appropriate focus for application of our Appellate Rule 7(B) authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). When a defendant challenges his placement, under Appellate Rule 7(B), the question is not whether another placement is more appropriate but, rather, whether the given placement is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden to persuade us that the placement is inappropriate. *Id.* We have stated that "it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate," noting that "trial courts know the feasibility of alternative placements in particular counties or communities." *Id.*

[4] While not an especially egregious crime, the nature of Price's offenses does not necessarily support a less-restrictive placement. Price pled guilty to four counts of Level 4 felony cocaine dealing after he dealt cocaine on four separate occasions, which totaled approximately seven grams.

[5] Price's character also justifies his DOC placement. In Illinois as an adult, Price has convictions for Class 2 felony unlawful possession of a weapon by a felon,

Class 4 felony cannabis possession, Class 4 felony aggravated unlawful use of a weapon, two counts of Class 4 felony controlled-substance possession, and two counts of Class A misdemeanor driving on a suspended license. In Indiana as an adult, Price has been convicted of Class C felony carrying a handgun without a license. Price also has violated probation multiple times, had an active warrant issued in Illinois for his arrest for felony escape charges when he was arrested in this matter, and had his pretrial work release revoked in this matter after committing new drug-related offenses. Given the nature of his offenses, lengthy criminal history, violation of pretrial work release, and continuous disregard for the rule of law, the trial court correctly concluded that the DOC was the appropriate placement for Price. Price has failed to establish that his placement was inappropriate.

[6] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.