## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2018, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derek A. Saylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 19, 2018<br><br>Court of Appeals Case No.<br>18A-CR-528<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Jr., Judge<br><br>Trial Court Cause No.<br>02D06-1706-F5-164 |

**Friedlander, Senior Judge.**

[1] Derek Saylor appeals the sentence he received upon his conviction of criminal recklessness as a Level 5 felony.[1] We affirm.

[2] Saylor presents two issues for our review:

> 1. Whether the trial court abused its discretion in sentencing Saylor by not entering a sentencing statement.

> 2. Whether Saylor's sentence is inappropriate.

[3] In June 2017, Saylor went to the residence of Jamie Lantz, his ex-girlfriend, to pay her for some damage he had previously caused to her vehicle. When he arrived, Lantz's current boyfriend exited the residence, and Saylor began shooting at him. When Saylor had emptied the bullets from that gun, he obtained another gun from someone in a vehicle that had arrived at the residence after him. Armed with the second gun, Saylor resumed shooting at Lantz's residence, and an individual in the vehicle began firing a gun at Lantz's residence as well. Saylor then left. The gunshots caused damage to both Lantz's residence and the residence behind hers. Based upon this incident, Saylor was charged with two counts of criminal recklessness as Level 5 felonies and two counts of criminal recklessness as Level 6 felonies. He pleaded guilty to one Level 5 felony, and the State dismissed the remaining charges. The trial court sentenced Saylor to three years at the Department of Correction.

---

[1] Ind. Code § 35-42-2-2 (2014).

[4]     Saylor first contends the trial court abused its discretion in sentencing him by not entering a sentencing statement that he alleges is required for sentencing in all felony cases.

[5]     Saylor pleaded guilty to a Level 5 felony which has an advisory sentence of three years. *See* Ind. Code § 35-50-2-6 (b) (2014). The trial court sentenced Saylor on February 9, 2018 to a three-year term of imprisonment. Effective July 1, 2014, a trial court is no longer required to issue a sentencing statement when imposing the advisory sentence for a felony conviction. *See* Ind. Code § 35-38-1-1.3 (2014) ("After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes *unless the court imposes the advisory sentence for the felony*.") (emphasis added). Thus, the court was not required to issue a statement of its reasons for selecting the advisory sentence for Saylor; accordingly, there was no error.

[6]     Saylor also argues that his sentence is inappropriate. Particularly, he challenges the appropriateness of his placement in the DOC; he claims the appropriate sentence is the advisory sentence, fully suspended to probation.

[7]     Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, section 6 of the Indiana Constitution authorizes this Court to review and revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine

that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[8] The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *King v. State*, 894 N.E.2d 265 (Ind. Ct. App. 2008). Nonetheless, we note that it will be difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate. *Fonner v. State*, 876 N.E.2d 340 (Ind. Ct. App. 2007). "This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King*, 894 N.E.2d at 268. Moreover, a defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Fonner*, 876 N.E.2d 340.

[9] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, the offense is a Level 5 felony, for which the advisory sentence is three years, with a minimum sentence of one year and a maximum of six years. Ind. Code § 35-50-2-6. As discussed above, Saylor was sentenced to the advisory term of three years.

[10] Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we note that Saylor endangered numerous people by shooting a handgun at Lantz's boyfriend and at inhabited homes in a

residential area. Moreover, he was not content to fire all the bullets in one handgun but instead was prepared with a second loaded gun and, literally, a partner-in-crime who fired at Lantz's boyfriend and residence as well.

[11] With regard to the character of the offender, we observe that Saylor has no juvenile adjudications but appears to have had some contact with the juvenile system. He has no adult criminal history. At the time of the offense, Saylor was employed, and he pleaded guilty to the offense.

[12] Although forty-year-old Saylor lacks a criminal history, this offense was quite dangerous for those involved, as well as innocent bystanders in nearby residences. Saylor has not convinced us that his placement in the DOC is inappropriate.

[13] Judgment affirmed.

May, J., and Pyle, J., concur.