## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2020, 6:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert L. Yates
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Brandon Roundtree,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 27, 2020

Court of Appeals Case No.
19A-CR-1853

Appeal from the Cass Superior Court

The Honorable James Muehlhausen, Judge

Trial Court Cause No.
09D01-1812-F6-435

**Altice, Judge.**

**Case Summary**

[1]     William Roundtree pleaded guilty to theft as a Level 6 felony. At sentencing, the trial court ordered Roundtree to pay his victim $375.08 in restitution and sentenced Roundtree to a fully executed two-and-a-half-year confinement at the Indiana Department of Correction (DOC). On appeal, Roundtree contends that his sentence is inappropriate in light of the nature of the offense and his character.

[2]     We affirm.

## Facts & Procedural History

[3]     On September 27, 2018, Roundtree entered a Logansport Rural King store with no merchandise in his possession and gathered various tools from the store's shelves. He proceeded to take those tools to the service desk where he presented the cashier with receipts from a Frankfort Rural King for the exact items he gathered in the Logansport store. Roundtree then returned a blower and received a $171.18 cash refund. He also exchanged a $199.00 trimmer for a $129.00 trimmer and received a $74.90 cash refund for the price difference. Ultimately, Roundtree walked into the store with nothing and walked out with the store's cash and merchandise totaling $375.08.

[4]     On December 10, 2018, the State charged Roundtree with one count of theft enhanced to a Level 6 felony based upon a prior conviction. Roundtree pleaded guilty without a plea agreement. At sentencing, the trial court ordered Roundtree to pay his victim restitution and sentenced Roundtree to a fully

executed two-and-a-half-year confinement at the DOC. Roundtree now appeals.

## Discussion & Decision

Despite the fact that the trial court imposed a sentence that is authorized by statute, we may revise Roundtree's sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In making this determination, the relevant considerations are the length of the aggregate sentence and how it is to be served. *Id.* Roundtree bears the burden of persuading our court that his sentence is inappropriate. *See Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). Roundtree pleaded guilty to a Level 6 felony. The sentencing range for a Level 6 felony is six months to two and a half years, with the advisory sentence of one year, and the trial court may also impose a fine up to $10,000. Ind. Code § 35-

50-2-7(b). Roundtree received the maximum incarceration sentence of two and a half years to be served at the DOC.

[7] Roundtree does not challenge the length of his sentence. Instead he challenges the trial court's decision to order his sentence executed at the DOC. "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, it is "quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). "As a practical matter, trial courts know the feasibility of alternative placements in particular counties and communities." *Id.* Trial courts are "aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale." *Id.* at 344.

[8] The trial court found nothing extraordinary about the nature of Roundtree's offense. We recognize that Roundtree pleaded guilty to a single act of theft without a plea deal; however, the facts show a pattern of sophisticated planning that raises heightened concerns.

[9] Turning to his character, we commend Roundtree for correcting the trial court's restitution determination to a higher amount, but we cannot ignore his criminal history. In 1997, he was convicted of criminal conversion and receiving stolen property. In 2001, he was convicted of burglary and sentenced to probation. Roundtree violated probation five times before finally being revoked from

probation and remanded back to the DOC custody for the remainder of his sentence. In 2012, Roundtree was convicted of auto theft, and in March 2018, he was convicted of another theft.

[10] Roundtree asked the trial court to place him on community corrections so he could continue to work and have part of his earnings garnished for his dependents. Although we are not unsympathetic to the hardship imposed on Roundtree's dependents by his incarceration, Roundtree has already demonstrated that he is either unwilling or unable to follow the court's terms when given the chance to serve a sentence outside the DOC's watchful eye. Thus, he has not persuaded us that his placement at the DOC, instead of community corrections, is inappropriate.

[11] Judgment affirmed.

Robb, J. and Bradford, C.J., concur.