## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2020, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ann M Sutton
Indianapolis, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melva Wright, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 16, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2344 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Charnette D. Garner, Judge <br><br> The Honorable Ronnie Huerta, Magistrate <br><br> Trial Court Cause No. <br> 49G09-1810-F6-33847 |

**Altice, Judge.**

## Case Summary

[1] Melva Wright appeals her conviction of theft as a Level 6 felony. She raises two issues on appeal:

I.  Whether the State presented sufficient evidence to convict her of theft; and

II.  Whether her 270-day sentence is inappropriate in light of the nature of the offense and her character.

[2] We affirm.

## Facts & Procedural History

[3] Sometime in August 2018, Wright began living at Herbert Smith's residence. The two had not seen each other in many years, having originally met at church where Smith was an assistant pastor. After seeing Wright on the street and learning that she was homeless, Smith offered her a place to stay. Wright lived with Smith for about three months and during that time he bought her food and clothing but did not give her a key.

[4] Smith owned a Samsung smart watch, which he received as part of a package deal with his phone and tablet. He occasionally wore the watch, but most of the time it remained on a computer stand next to his bed. One day he noticed the watch was missing, so he questioned Wright. She denied taking it, but after

repeated questioning, Wright admitted to pawning it. Smith had not given Wright permission to do anything with the watch.

[5] Wright took Smith to Cash America where she had pawned the watch. After locating his watch, Smith was unable to obtain the watch from Cash America until law enforcement arrived on scene and made a report. An investigation revealed that the watch matched the serial number of Smith's watch. Furthermore, identification information and fingerprint copies taken when the watch was pawned matched those of the seller, Wright.

[6] On October 3, 2018, the State charged Wright with Class A misdemeanor theft and Level 6 felony theft. After a jury trial, Wright was convicted of a Class A misdemeanor theft, which was enhanced to Level 6 felony theft based on prior convictions of theft and robbery. The court then sentenced Wright to 270 days in jail. She now appeals.

## Discussion & Decision

### I. Sufficiency of Evidence

[7] Wright argues that the State failed to show sufficient evidence to convict her of theft. The standard of review for such a claim is well settled. A reviewing court must consider only the probative evidence and reasonable inferences supporting the conviction and should not assess witness credibility or reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The evidence is sufficient if an

inference may be reasonably drawn from it to support the conviction. *Id.* at 147. Further, a conviction should be upheld unless, "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. at 146-47.

[8] In order to prove a conviction for theft, the State was required to show, beyond a reasonable doubt, that Wright knowingly or intentionally exerted unauthorized control over Smith's Samsung smart watch with the intent to deprive Smith of any part of its value or use. *See* Ind. Code § 35-43-4-2(a).

[9] Wright contends that there is insufficient evidence to prove that she pawned the watch without Smith's approval. However, she does not dispute that she pawned the watch, as evidenced by her identification and fingerprint obtained from the pawn store. She claims only that Smith's testimony is insufficient to show that she did not have permission to pawn the watch.

[10] It is not this court's responsibility to reweigh evidence or assess witness credibility, specifically Smith's credibility. Here, Smith testified that he did not give Wright permission to have his watch or do anything with it, expressly testifying that she did not have permission to pawn the watch. Smith housed Wright because she was in need of a place to stay and provided her with food and clothing. Upon discovering that his watch had disappeared, Smith questioned Wright as to its whereabouts and she admitted to pawning it. At no

point did Smith give Wright permission to do so. For these reasons, we conclude that the State presented sufficient evidence to convict Wright of theft.

*II. Sentencing*

[11]  Wright contends that her 270-day sentence that is to be executed in jail is inappropriate. Sentencing is principally a discretionary function, and therefore the trial court's judgement should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1223 (Ind. 2008). Pursuant to Indiana Appellate Rule 7(b), an appellate court may revise a sentence if it finds that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." "The question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). When considering appropriateness, there are myriad of factors to take into account and ultimately there is no right answer in determining a proper sentence. *Cardwell*, 895 N.E.2d at 1224. Furthermore, the defendant has the burden of persuading us that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12]  The starting point for an appropriateness analysis is to look at the advisory sentence the legislature has selected for the crime committed and compare it to the sentence imposed. *Connor v. State*, 58 N.E.3d 215, 220 (Ind. Ct. App. 2020). The sentencing range for a Level 6 felony is between six months and two and a

half years, with an advisory sentence of one year. Ind. Code. § 35-50-2-7(b). Wright acknowledges that her sentence is below the advisory sentence but argues that it was still too harsh given the petty nature of the offense and the steps she is actively taking to improve her character.

[13] We begin by acknowledging that the nature of the offense is not particularly egregious, except that she chose to steal from someone who considered her a friend and had been helping her in a time of need. By doing so, she violated Smith's trust and the sanctity of his home. She also denied taking it when Smith confronted her about it, only admitting it after his repeated questioning. We find nothing about the nature of the offense that warrants a reduction in her sentence.

[14] When considering the character of the offender, we look at "substantial virtuous traits or persistent examples of good character." *Moon v. State*, 110 N.E.3d 1156, 1162 (Ind. Ct. App. 2018). Further, "one relevant fact is the defendant's criminal history." *Denham v. State*, 142 N.E.3d 514, 517 (Ind. Ct. App. 2020).

[15] The record shows that Wright has an extensive criminal history. She has at least eight prior misdemeanor convictions, and five prior felony convictions. These crimes include theft, prostitution, resisting law enforcement, robbery, and arson. While many of her convictions are dated, we observe that her most recent was for a theft committed less than a year before the current incident and

shortly after her release from serving a lengthy sentence for Class B felony arson.

[16] Wright asserts that her efforts in the months leading up to the sentencing to improve herself, taking classes at Ivy Tech and applying for housing, reflect highly of her character. While we commend her on her recent efforts to improve her character, her past convictions cannot be ignored. In light of her criminal history and her failure to appear in front of the trial court on multiple occasions, Wright's less than advisory sentence is not inappropriate.

[17] Wright has failed to show that her sentence of 270 days in jail is inappropriate in light of the nature of the offense and her character.

[18] Judgment affirmed.

Bailey, J. and Crone, J., concur.